UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN LUSCO and NATHALIE HOSTIN,

    Plaintiffs,
v.                              Case No. 8:13-cv-420-T-33EAJ

UNIVERSITY REALTY OF TAMPA,
INC., ANDRES ALBANESE, and
CELINA S. ALBANESE,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. Plaintiffs initiated this action against University Realty of Tampa, Inc., Andres Albanese, and Celina S. Albanese on February 14, 2013. (Doc. # 1).[1] The twenty count Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681, as well as violations of Florida law.

On June 14, 2013, this Court entered its Case Management and Scheduling Order, which set forth the operative case deadlines, including the mediation deadline. (Doc. # 17). That Order included important directives concerning the parties' obligations to mediate in accordance with the Local

---

[1] Plaintiffs also named Southern Management Systems, Inc. as a Defendant. However, since that time, Southern Management Systems, Inc. has been dismissed from the action. (Doc. # 5).

Rules. Importantly, the Court instructed:

> **Attendance Requirements and Sanctions** - Each attorney acting as lead trial counsel, and each party . . . with full authority to settle, *shall* attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.
> **Personal Attendance Required** - All counsel, parties, corporate representatives, and any other required claims professionals shall be present at the Mediation Conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c).[2]

(Doc. # 17 at 11).

The parties notified the Court that they selected Peter Grilli, Esq. as their mediator, and in an Order dated July 10, 2013, the Court entered an Order appointing Peter Grilli, Esq. as the mediator. (Doc. # 19). Therein, the Court reminded the parties of the requirement of personal attendance at the mediation: "the Court directs that all counsel, parties, and any other required claims professionals shall be present at the mediation with full authority to negotiate a settlement.

---

[2] Local Rule 9.05(c) states: "Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court."

The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c)." (Id. at 1-2).

On October 14, 2013, Peter Grilli, Esq. reported that an impasse was reached at the mediation and that Defendants Andres Albanese and Celina S. Albanese appeared at the mediation via phone. (Doc. # 30). On October 15, 2013, the Court entered an Order directing counsel for Andres Albanese and Celina S. Albanese to show cause, by October 22, 2013, why sanctions should not be imposed based on Andres Albanese and Celina S. Albanese's failure to attend the mediation conference in person in violation of the Local Rules and the Court's Orders outlined above. (Doc. # 31).

Counsel for Andres Albanese and Celina S. Albanese failed to respond to the Court's Order to Show Cause, and the time for counsel to respond has expired. Accordingly, the Court determines that it is appropriate to require a second mediation conference in this case, before Peter Grilli, Esq., to be conducted within the next 30 days. Counsel for Andres Albanese and Celina S. Albanese shall be responsible for covering the expenses associated with the second mediation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The parties are directed to engage in a second mediation conference before Peter Grilli, Esq. within the next 30 days. Counsel for Andres Albanese and Celina S. Albanese shall be responsible for covering the expenses associated with the second mediation.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record