UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ADRIAN LUSCO, ET AL.,**

        Plaintiff,

                                                      Case No. 8:13-cv-420-T-33EAJ

vs.

**UNIVERSITY REALTY OF TAMPA,
INC., ET AL.,**

        Defendants.

_____/

**DEFENDANTS, ANDRES AND CELINA
ALBANESE'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Andres Albanese and Celina S. Albanese ("Albaneses"), by and through the undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure hereby file this, their Motion for Summary Judgment, and in support thereof state as follows:

***Introduction* and Concise Statement of Undisputed Facts**

In their Complaint **[DE 1]**, the Plaintiffs, Adrian Lusco and Nathalie Hostin, sue the Albaneses in their capacity as landlord and owner of residential property that Plaintiffs had allegedly rented in the past. *See Paragraph 7 of Complaint.* More specifically, the Complaint alleges that Plaintiffs entered into a lease agreement with the Albaneses through the Albaneses' alleged agent, University Realty of Tampa, Inc. ("University"), a property management company. *See Paragraphs 17 & 18 of Complaint.* The Complaint further alleges that University and Southern Management Systems, Inc. ("Southern"),[1] a debt collector, were both the agents of

---

[1] Southern was dismissed from this action on April 8, 2013, pursuant to a Joint Stipulation.

1

the Albaneses and that the Albaneses are vicariously liable for the actions of Southern and University. *See Paragraphs 25 & 32 of Complaint.*

Plaintiffs sue the Albaneses for alleged violations of two Florida Statutes: the Florida Consumer Credit Collection Practices Act ("FCCPA") – specifically Sections 559.72(5)(7)&(9) – and Florida's Residential Tenancies Statute - Sections 83.49(2) & (3).

Counts 1, 3, 5 and 7 are brought under FCCPA and Counts 2, 4, 6 and 8 are under Florida's Residential Tenancies Statute. There are no federal claims against the Albaneses.

All the pleadings, depositions, and discovery in this matter demonstrate that there is no genuine issue as to any material fact regarding the Albaneses and that the Albaneses are entitled to judgment as a matter of law. Furthermore, the Albaneses are entitled to an award of reasonable attorney's fees pursuant to Sections 83.49(3)(c) and 559.77, Florida Statutes.

## MEMORANDUM OF LAW

### I. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." *Fed.R.Civ.P.56(a)*. In applying this standard, courts view the evidence and all reasonable inferences there from in the light most favorable to the non-moving party. *Adler v Wal-Mart Stores, Inc., 144 F.3d 664,670 (10th Cir. 1998), citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 US 574, 587 (1986)*. A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Adler v Wal-Mart Stores, Inc., 144 F.3d 664,670 (10th Cir. 1998), citing Celotex Corp. v. Catrett, 477 US 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).* An issue of fact is "genuine" if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v Wal-Mart*

*Stores, Inc.*, 144 F.3d 664,670 (10th Cir. 1998), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. *Celotex, 477 US at 323, 106 S.Ct. 2548*. The movant need only identify the lack of evidence on an essential element of the non-moving party's claim to be entitled to summary judgment. *Id. at 325, 106 S.Ct.2548. Is always just customers relieving Soviet-made wants money*

## II. The Albaneses are Entitled to Summary Judgment as a Matter of Law on Counts 2, 4, 6 and 8 *Because Said Counts Are Barred By the Statute of Limitations*

The Complaint fails to attach the subject lease and conveniently omits dates pertaining to when exactly the prohibited conduct in this matter occurred. However, at his September 12, 2013, deposition **[DE 2]** Plaintiff Lusco testified that he and his co-Plaintiff/co-Tenant vacated the subject property on February 3, 2008. (Lusco deposition Page 88, Line 25; Page 89, Line 1 – 5.) *Counts* 2, 4, 6 and 8 alleged the Albaneses violated Section 83.49, Florida Statutes by: 1) "failing to notify Plaintiffs of the manner in which the landlord was holding the security deposit and the rate of interest, if any, the tenant [sic] was to receive;" and 2) "failing to give plaintiff written notice of intent to impose a claim on the deposit and the reason for imposing the claim." *See e.g. Paragraph 37 of Complaint.*

Under Section 83.49, Florida Statutes, Plaintiffs' causes of action would have arisen, at the latest, 30 days after Plaintiffs vacated, or on March 4, 2008. *See e.g. Section 83.49(2), Florida Statutes* ("The landlord shall, in the lease agreement or within 30 days after receipt of advance rent or a security deposit, give written notice to the tenant which includes disclosure of the advance rent or security deposit.") Florida Statute § 95.11 governs the limitations of actions as to the time period within which causes of action may be filed in Florida. Specifically, §

95.11(3)(f) provides that a cause of action founded on "a statutory liability" must be filed within four years from the date on which the cause of action accrued. In other words, Plaintiffs were required to file suit by March 4, 2012. The Plaintiffs filed suit on February 14, 2013. As a result, Counts 2, 4, 6 and 8 are time-barred.

> III. *The Albaneses are Entitled to Summary Judgment as a Matter of Law on Counts* **1, 3, 5 and 7** *Because Said Counts Are Barred By the Statute of Limitations*

Counts 1, 3, 5, and 7 allege that the Albaneses violated Sections 559.72(5)(7)&(9) of the FCCPA. As previously stated, Plaintiff Lusco testified that he and his co-Plaintiff/co-Tenant vacated the subject property on February 3, 2008 – approximately, five-and-a-half years ago. (Lusco deposition Page 88, Line 25; Page 89, Line 1 – 5.) Attached hereto as **[DE 3]** is an affidavit from Southern, which attests to the fact that on November 24, 2008, Southern received a letter from Plaintiff Lusco disputing the subject debt pertaining to the subject property. Southern's affidavit also states that on December 2, 2008, pursuant to its standard operating procedures, it sent a copy of the November 24, 2008, letter to University. *See Ex. 3.* University responded on December 2, 2008, verifying the alleged debt. *Id.* Southern has also attested in its Affidavit that on or about January 15, 2009, Plaintiff Lusco contacted Southern telephonically in regard to the subject debt. *Id.* This is all borne out by Southern's electronic log, which reflects the history of the subject Southern account. The log, as well as the aforementioned letters, are all attached to Southern's Affidavit.

An action brought under the FCCPA "must be commenced within 2 years after the date the alleged violation occurred." *Section 559.77, Florida Statutes.* In other words, Plaintiffs were required to file suit by November 24, 2010. The Plaintiffs filed suit on February 14, 2013. As a result, Counts 1, 3, 5 and 7 are time-barred as to Lusco.

Counts 1, 3, 5 and 7 are also time-barred as to Plaintiff Hostin. At her September 12, 2013 deposition, Hostin testified that Lusco was her "agent" for purposes of the lease agreement. **[DE 4],** Page 31, Lines 4-9. Moreover, Plaintiffs Lusco and Hostin for all pertinent times incident to this motion co-habitated together and were co-signers under the lease agreement in question. (Lusco deposition Page 30, Line 19 – 25; Page 31, Line 1 -2, Line 10 – 16.) Plaintiff Hostin testified that as roommates she and Plaintiff Lusco had made an arrangement whereby Plaintiff Lusco would be responsible for all matters incident to the lease agreement, including expenses and dealings with the management company, while she attended to paying the household expenses. (Hostin deposition Page 10, Line 20; Page 11, Line 14.) Plaintiff Hostin also understood that as a co-signer of the lease she and Plaintiff Lusco were responsible for the terms and conditions set forth in that lease. (Hostin deposition Page 21, Line 2 – 5). In addressing the return of the security deposit, Plaintiff Hostin indicated she was not aware whether or not the security deposit had been returned by the landlord. (Hostin deposition Page 30, Line 21 – 25). Plaintiff Hostin thereafter testified that the tasks incident to the return of the security deposit were delegated by her to Plaintiff Lusco. (Hostin deposition Page 31, Line 1 – 3).

In short, as to Hostin, Plaintiff Lusco was her agent with full authority delegated by her to him. Therefore, the statute of limitations as to her has also run. *See Section 559.77, Florida Statutes; Davis v. Hinson*, 67 So. 3d 1107, 1111 (Fla. 2d DCA 2011 (one cotenant can bind another with the other's consent); *Russell v. Eckert*, 195 So. 2d 617, 622 (Fla. 2d DCA 1967) ("agent possesses powers conferred on him by his principal, or such as third persons are entitled to assume he possesses under the circumstances").

WHEREFORE, Defendants, Andres Albanese and Celina S. Albanese, respectfully move

this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, for an award of reasonable attorney's fees pursuant to Sections 83.49(3)(c) and 559.77, Florida Statutes and the subject Lease, and for any further relief deemed just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2013, a true and correct copy of the foregoing has been sent to the Clerk of the Court, Middle District of Florida by electronic means, and has been distributed by same to all attorneys and/or parties of record.

>Lieser & Skaff
>Attorneys for Plaintiff
>511 W. Bay Street, Ste 350
>Tampa, FL 33606
>(813) 280-1256
>(813) 251-8715 (fax)
>jeff@lieserskaff.com
>
>By: /s/Jeffery P. Lieser
>    Jeffrey P. Lieser
>    FLA. BAR NO. 29164